IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PHILLIP BACA,<br><br>       Plaintiff,<br><br><br>vs.<br><br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>       Defendant. | ORDER ADOPTING REPORT AND RECOMMENDATION<br><br><br><br><br><br>Case No. 2:06-CV-449 TS |

On June 6, 2006, Plaintiff filed his Complaint.[1]  This case was subsequently referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).[2]  The Magistrate Judge issued a Report and Recommendation on August 24, 2007.[3]  This matter is before the Court for consideration of that Report and Recommendation.

The Magistrate Judge recommends that Plaintiff's request for the Court to reverse or remand the Commissioner's decision be granted.  In particular, the Magistrate Judge recommends that this matter be remanded to the Administrative Law Judge ("ALJ") to: (1) assess

---

[1] Docket No. 3.

[2] Docket No. 4.

[3] Docket No. 15.

1

Dr. Heiner's medical source statement; (2) assess Dr. Gagon's medical source statement and adequately articulate his specific reasons for accepting or rejecting Dr. Gagon's opinions; and (3) reassess Plaintiff's RFC.

Pursuant to 28 U.S.C. § 636(b), a party has 10 days from their receipt of the Report and Recommendation to file an objection.  Neither party has done so.  The Court has considered the pleadings in the file and the Report and Recommendation.  It is therefore

ORDERED that the Magistrate Judge's March 2, 2006 Report and Recommendation (Docket No. 15) is ADOPTED IN FULL.  It is further

ORDERED that this matter is REMANDED to the ALJ.  Upon remand, the ALJ must:

1. Assess Dr. Heiner's medical source statement.  The ALJ must then adequately articulate acceptable reasons for his treatment of Dr. Heiner's medical source statement.
2. Assess Dr. Gagon's medical source statement and adequately articulate his specific reasons for accepting or rejecting Dr. Gagon's opinions.
3. Reassess Plaintiff's RFC.  In so doing, the ALJ must reexamine the VE's testimony regarding how limitations on significant bending, stooping, and squatting, as well as working around dangerous unprotected heights, machinery, or chemicals, would not allow for any unskilled medium work; properly consider the opinions of Dr. Heiner and Dr. Gagon; and sufficiently specify upon what medical evidence he is basing his RFC determination.  In addition, the ALJ may find it necessary to obtain additional evidence, such as a medical advisor opinion, to properly determine Plaintiff's RFC.

The Clerk of Court is ordered to close this case forthwith.

DATED this 11th day of September, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge


The Clerk of Court is ordered to close this case forthwith.

DATED this 11th day of September, 2007.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge